# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEANDRE THOMPSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-436-DRH** |
| | ) | |
| **W.A. SHERROD,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

Petitioner, an inmate at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), filed this action pursuant to 28 U.S.C. § 2241 seeking credit against his federal sentence for time spent in custody before his federal sentence was imposed.

Petitioner is serving a term of 70 months imprisonment pursuant to a judgment entered in the United States District Court for the Eastern District of Missouri. *United States v. Thompson*, Case No. 4:05-cr-161-HEA (E.D. Mo.).   According to the petition, the Federal Bureau of Prisons (BOP) has calculated that Petitioner is entitled to only 248 days of credit.  Petitioner claims that he is entitled to 1, 239 days credit or, alternatively, 675 days of credit.

A district court has no power to give credit for time served; the authority to give credit for time served rests solely with the BOP.  *See United States v. Wilson,* 503 U.S. 329, 334-35 (1992); *United States v. McGee*, 60 F.3d 1226, 1272 (7th Cir. 1995).  A district court, however, may review under § 2241 the BOP's ruling on an inmate's request for presentence credit.  *See United States v.*

*Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992).

It appears that Petitioner has presented his claims through administrative channels at the BOP.  The BOP's responses to Petitioner's claims are attached to the Petition, but Petitioner contends that the BOP's responses do not accurately state the facts concerning Petitioner's presentence confinement and, therefore,  miscalculate the amount of credit he is due.  Although it is extremely doubtful that Petitioner is entitled to the amount of credit he seeks (either 1,239 days or 675 days) as Petitioner was also serving a prior state sentence for most of this time, the Court is unable to confirm from the either the face of the Petition or the attached exhibits that the BOP's calculation of the credit is accurate.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See*

2

FED.R.CIV.P. 41(b).

**IT IS SO ORDERED**.

**DATED:** February 24, 2010.

/s/     DavidRHerndon
**DISTRICT JUDGE**

3